**HUGHES, Plaintiff-Appellee v. LUMPKIN, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 608. Rendered May 21, 1943.

Wilbur D. Spidel, Greenville, for plaintiff-appellee.
Paul W. Younker, Greenville, for defendant-appellant.

## OPINION

By GEIGER, J.

This case is before us on appeal from judgment of the Common Pleas Court of Darke county, Ohio, affirming judgment rendered by Grover Menkel, Justice of Peace in and for Greenville Township, Darke county, in which judgment it was ordered that the plaintiff be restored to the possession of the premises described, and that a writ of restitution issue therefor.

A landlord's complaint was filed before the Justice by Blanche Hughes in which she made complaint against Al Lumpkin to the effect that said Lumpkin has, since the first day of January, 1942, unlawfully and forcibly detained and does still unlawfully and forcibly detain from the landlord possession of certain property in the city of Greenville.

It is alleged that Lumpkin entered upon the premises as tenant of the plaintiff; that the lease expired on January 1, 1942, and that from said time the said tenant has unlawfully held the prem—

ises; that on the 2nd day of January, 1942, the plaintiff served notice on Lumpkin, as required by law.

For answer, Lumpkin states that he denies plaintiff is entitled to possession of the premises; that he is in possesion by virtue of a written lease entered into by the plaintiff and defendant on the 24th day of August, 1938; that said written lease was duly acknowledged and recorded; that he is not in default for rent or in default of any of the provisions of the lease and that he is entitled to retain possession thereof, and that the plaintiff is not entitled to re-enter; he asks that plaintiff's petition be dismissed.

Thereupon, a trial was held before the Justice without the intervention of a jury and the court being advised, found from the evidence that the defendant is in possession of the premises under a written lease acknowledged and recorded, dated August 24, 1938, the same being for two years, "with the privilege of renewal for an additional three year period". Said lease was introduced as evidence and marked "Exhibit"; that said defendant has occupied the premises since the end of the two year period without entering into a new lease; that he has paid the increased rental which is paid to January 1, 1942; that defendant tendered the plaintiff the rentals for January, 1942, which plaintiff refused; that defendant did not pay the rental for September 24, 1938, but applied thereon an obligation due him by Herbert Hughes and Frank Schultz, who were working for the plaintiff, said rental applied by defendant amounting to $5.00; that defendant has not paid the water bills and other service charges and as a result thereof has breached his lease, and that the plaintiff is entitled to possession, which is ordered.

Upon application, the Court of Common Pleas ordered that the defendant be permitted to file in the Court of Common Pleas an appeal from the judgment of the Justice of Peace and was also permitted to file the petition in error upon giving bond in the sum of $200.00.

The petition in error filed in the Common Pleas Court on leave of Court alleges that on the 3rd day of January, 1942, the defendant in error recovered a judgment by the consideration of the Justice of the Peace against the plaintiff.

It is alleged in said petition that there is error in the proceedings before the Justice in five particulars, which are the usual ones asserted in such case and need not be here recited.

The evidence taken before the Justice of the Peace is presented in narrative form. It will be observed that the lease in question was an important piece of evidence, and that it was alluded to by the Justice of the Peace and later by the Court of Common Pleas. One of the allegations of the landlord leading to the breach of the contract was that the defendant was to pay the water rents which were heavy, due to his occupation as a photographer. The defend-

ant testified that he never agreed to pay the water bills. The defendant identifies the lease as the lease signed by himself and the plaintiff, and the lease was offered in evidence as an exhibit and introduced as such. The provision for the renewal clause in the lease is as follows:

"With said party of the Second Part having the privilege of renewal at the expiration of said term for an additional term of three years for and in consideration of the sum of Three Hundred ($300) Dollars per annum to be paid in monthly installments of Twenty-five ($25.00) Dollars each."

"And it is further agreed that said party of the first part shall pay all water bills for the term of two years from the date hereof and if renewed, for a period of three years."

Other evidence is to the effect that at the expiration of the term of two years, the parties agreed that the lessee should have the premises from month to month. There is nothing in the Bill of Exceptions indicating that the lessee exercised any option to continue the lease for a period of three years except as the same may be inferred from his continuous occupancy and payment of the advanced rental payable after the two year period.

The Court of Common Pleas points out the fact that the action in ejectment was begun after the end of the two year period provided for in said lease and states that the question presented is "What was the relationship of the parties at the date of the filing of the landlord's complaint, whether the relationship was one arising out of the lease dated August 24, 1938, or whether the lessee was occupying the premises on a month to month basis." The court reaches the conclusion that there was no error in the judgment of the Justice of the Peace by reason of the fact that nowhere in the record is there any evidence that the appellant gave any notice of any kind of his intention to renew said lease, but that, on the other hand, the record discloses that on the termination of the two year period of the lease, an agreement was entered into whereby the appellant was to remain in possession of the premises on a month to month basis. The court states "nowhere in the record is this statement controverted", and the court therefore expressed the opinion that the lessee having failed to exercise the privilege of renewal within the terms of the lease, he cannot avail himself of its provisions. Thereupon the court dismissed the petition in error of the appellant and remanded the cause to the court of the Justice of the Peace for further proceedings.

Where the provision of the lease is for renewal, some courts have held that it requires affirmative action upon the part of the lessee by way of giving notice of his intention to renew, and asking for a new lease for the option period.

## 196

The authorities seem to be pretty generally in accord, to the effect that where there is a provision in the lease granting a right to the lessee to renew for another period without specific requirement for notice of intention, that the holding over after the original term constitutes a notice of intention to exercise the option to renew. See 24 **O. Jur., 1240, 1242.**

In the lease in question there is no provision for notice to be given of the intention of the lessee to continue for the additional period of three years.

If nothing had appeared other than the holding over for the year and three months by the lessee, this would probably require us to say that the tenant had exercised his option to renew and could not be dispossessed so long as he paid his rent.

However, the Bill of Exceptions, as prepared by the Justice of the Peace in narrative form, discloses that the uncontradicted testimony of the agent of the plaintiff, is to the effect that at the end of the two year period in the lease the defendant agreed verbally to remain on a month to month basis. The parties had the right at the expiration of the two year period to make a new lease or to vary the terms of the old, and we find that there is substantial support for the determination that succeeding the two year period the parties were under a lease from month to month. The landlord, if she has a right to the possession of the property, must rely upon the oral contract of tenancy from month to month. One of the important questions to be determined is whether or not the tenant was in arrears under the new contract. While the original lease is dated on the 24th of August, 1938. there is evidence in the record that the rent was paid, with the possible exception of the five dollars withheld, until the first of January, 1942. It is stated that the rental for that month was tendered to the plaintiff by the defendant and refused.

The right of defendant to remain depends upon the oral contract for a month to month tenancy. The court below stated in substance, that the record discloses that at the termination of the two year period an agreement was entered into whereby the appellant was to remain in possession from month to month. The court states: "Nowhere in the record is this statement controverted."

We are in agreement with the court below on this proposition, and arrive at the conclusion that the decision of the Court of Common Pleas, affirming the judgment of the Justice of the Peace, should be affirmed, and that the cause should be remanded to the Justice of the Peace for further proceedings in keeping with this decision.

BARNES, P. J. and HORNBECK, J., concur.